No appearance for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 142*—*when defendant not prosecuting appeal required to pay solicitors' fees for defending appeal.* The nonprosecution of an appeal taken by and allowed a defendant in a divorce case will not relieve him from the payment of solicitors' fees allowed complainant to defend such appeal, his proper course being to withdraw his appeal before the chancellor and to move for the vacation of the order allowing such fees.

2. DIVORCE, § 143*—*who may have allowance of solicitors' fees.* The allowance of solicitors' fees in a divorce suit must be made to the wife and not to her solicitors. Following *Heizer v. Heizer, ante,* p. 126.

---

## Charles Verbitzky, Jr., by Charles Verbitzky, Appellee, v. Daniel H. Cunningham, Appellant.

### Gen. No. 23,060.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1917. Reversed with a finding of fact. Opinion filed July 2, 1917.

## Statement of the Case.

Action by Charles Verbitzky, Jr., a minor, by Charles Verbitzky, his father and next friend, plaintiff, against Daniel H. Cunningham, defendant, to recover damages for personal injuries to plaintiff by negligence. From a judgment for plaintiff for $200, defendant appeals.

It appeared that plaintiff, then between two and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

three years of age, suffered from hernia; that defendant was consulted by plaintiff's father; that hernia was not easily located in a child of that age and there was some doubt as to which side it was on. It further appeared that the father decided that it was on the left side and directed an operation, which was successfully performed, a hernia being found. Two weeks later the defendant was called again to see the child, who, he was informed, manifested pain, but failed to discover anything. He told the parents to inform him if there was any evidence of hernia on the right side, as he thought that might be the trouble. Three weeks later the father called on defendant and demanded a return of the money paid for the operation on the ground that it had been performed on the wrong side and informed defendant that a lump had appeared on the right side. Defendant offered to operate again without charge, but the father would not agree.

ROBERT J. FOLONIE, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

PHYSICIANS AND SURGEONS, § 22*—*when evidence insufficient to sustain verdict for plaintiff in action for negligence.* In an action against a physician to recover damages for negligence in performing an operation on plaintiff, a minor, for hernia, evidence examined and *held* insufficient to support a verdict for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCVII 9